**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JAMES D. WARD,**

          **Plaintiff,**

**-vs-**                                           **Case No. 6:04-cv-1214-Orl-31KRS**

**UNIVERSITY OF CENTRAL FLORIDA**
**BOARD OF TRUSTEES d/b/a University of**
**Central Florida,**

          **Defendant.**

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO COMPEL PRODUCTION OF DOCUMENTS (Doc. No. 21)**
>
> **FILED:**      June 10, 2005
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Defendant University of Central Florida ("UCF") seeks to compel Plaintiff James D. Ward to produce documents responsive to its Request to Produce and to pay the reasonable costs, including attorneys' fees, UCF incurred in filing the motion. Ward did not respond to the motion, and the time for doing so has passed. Therefore, I treat the motion as unopposed.

It is **ORDERED** that Ward shall, on or before July 5, 2005, produce for inspection and copying all documents within his possession, custody and control that are responsive to UCF's

Request to Produce.  The time for making objections to the request, other than privilege, has passed.  If Ward withholds any responsive documents pursuant to a claim of privilege or protection, he shall serve on or before July 5, 2005, a privilege log that sets forth each document withheld based on a claim of privilege or protection.  The privilege log must identify each document withheld by date, author, recipients (including recipients of copies), specific privilege or protection claimed and shall describe the subject matter of each document in sufficient detail to permit opposing counsel and the Court to assess the applicability of the claimed privilege or protection.  Fed. R. Civ. P. 26(b)(5); *Golden Trade S.r.L. v. Lee Apparel Co.*, Nos. 90 Civ. 6291 (JMC), 90 Civ. 6292 (JMC) and 92 Civ. 1667 (JMC), 1992 WL 367070, at *5, (S.D.N.Y. Nov. 2,1992) (quoting *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2nd Cir.1987)).

Because Ward did not respond to the motion, there is no basis to believe that his failure to produce the documents was substantially justified or that an award of sanctions would be unjust.  *See* Fed. R. Civ. P. 37(a)(4)(A).  Accordingly, it is **ORDERED** that Ward shall pay UCF the sum of $500.00 to compensate it, in part, for the attorneys' fees and costs incurred in filing the instant motion.  It is further **ORDERED** that Ward shall tender this sum to counsel for UCF on or before July 15, 2005.

**DONE** and **ORDERED** in Orlando, Florida on June 27, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties